IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JASON WILLIAM HEINEMANN, | ) | No. 40836-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DR. THOMAS R. COOMES, MD; | ) | UNPUBLISHED OPINION |
| THOMAS J. ALLERDING, MD; | ) | |
| DEBORAH L. HJORTEDAL, Psych | ) | |
| Triage ED; SACRED HEART | ) | |
| HOSPITAL; RANDALL CABANA; | ) | |
| SPOKANE MENTAL HEALTH; I.A. | ) | |
| SANTOS, MD; REGINA PROEDROU, | ) | |
| PhD; MARK DARTLEY, PAC; SAMI M. | ) | |
| PATERAS, MD; FLORA D. WEAVER, | ) | |
| RN; MARK KETTNER, MBA; | ) | |
| EASTERN STATE HOSPITAL; BETH | ) | |
| VENARD; STATE OF WASHINGTON | ) | |
| HEALTH CARE AUTHORITY; JOHN | ) | |
| and JANE DOES, | ) | |
| | ) | |
| Respondents. | ) | |

HILL, J. — Jason Heinemann filed a complaint against several individuals and entities alleging misconduct related to his involuntary commitment 20 years earlier. The respondents moved to dismiss Heinemann's claims both under CR 12(b)(6) for failure to state a claim upon which relief could be granted and on the ground that the claims were time barred. After a hearing, the superior court dismissed Heinemann's claims.

On appeal, Heinemann raises the issue of whether the court erred in dismissing his claims under CR 12(b)(6). However, although he has provided this court with lengthy briefing, he does not sufficiently address the issues he raises or cite any case law. We therefore cannot conclude the court erred and affirm.

BACKGROUND

Jason Heinemann was hospitalized at Sacred Heart Medical Center on March 18, 2004, after crashing his car into a tree. Doctor Thomas Coomes administered initial treatment. Heinemann's father, who was present at the hospital, told medical staff he was concerned by Heinemann's recent behavior. Dr. Coomes diagnosed Heinemann with paranoia and suicidal behavior.

That same day, psychiatric triage and mental health professional personnel, including Randall Cabana of Spokane Mental Health (now Frontier Behavioral Health), examined Heinemann and detained him to Eastern State Hospital (ESH) for 72-hours for treatment and evaluation after determining Heinemann was paranoid, possibly suicidal, and at risk of harming himself. Before the 72-hour detainment period ended, Regina Proedrou, Ph.D., and Preciosa Simangan, M.D., medical care providers at ESH, filed a petition seeking a 14-day extension of Heinemann's involuntary treatment at the hospital as they believed he presented a likelihood of harming himself and others, and he could only be treated in that facility. The superior court granted the petition and thereafter filed an amended order authorizing Heinemann's participation in a 90-day outpatient treatment program. Heinemann was discharged from the program in July 2004. In June 2005,

Heinemann was convicted of harassment. This conviction barred him from possessing firearms. Almost 15 years later, in August 2020, Heinemann filed a petition to restore his firearm rights, pursuant to RCW 9.41.040(4). In granting the petition, the court relied on Heinemann's sworn declaration wherein he stated that he had never been involuntarily committed for mental health treatment.

Shortly after the court restored Heinemann's firearm rights, Heinemann filed an application to "transfer pistol/revolver or semi-automatic rifle" with the Spokane Police Department. CP at 22. In a letter dated September 3, 2020, the chief of police at the Spokane Police Department notified Heinemann that his application had been denied pursuant to 18 U.S.C. § 922(g)(4), which prohibits anyone who has been committed to a mental institution from receiving a firearm that has been transported or shipped in interstate or foreign commerce.

That same month, Heinemann filed requests for access to his medical records with Frontier Behavior Health (formerly Spokane Mental Health), Providence Health & Services, and ESH. Although Heinemann received the records from EHS on January 21, 2021, he submitted another records request for the same documents on January 26, 2021. On February 16, ESH mailed Heinemann a letter notifying him that he was restricted from entering the hospital's property due to "recent threatening statements made to staff via telephone ('*You are lucky I don't come out there*'), and implying you have access to a weapon." Clerk's Papers at 18. ESH lifted the restriction on July 21, 2021.

3

On February 8, 2024, Heinemann filed a complaint against various entities and individuals, including respondents. Heinemann's complaint outlined 14 claims against respondents alleging a variety of misconduct. He asserted, in relevant part, that respondents unlawfully detained him, took and tested his urine without his consent, lied in the petitions they filed seeking his involuntary commitment, and released records without his consent. He further raised issue with ESH's delay in providing the records he requested and with his restriction from the hospital's campus.

Respondents filed or joined in motions to dismiss Heinemann's claims, arguing that dismissal was proper under CR 12(b)(6) for failure to state a claim upon which relief can be granted or on the grounds that the claims were time barred by RCW 4.16.350 and RCW.080. After a hearing, the superior court granted the motions to dismiss. In doing so, the court explained that Heinemann's claims were vague, thereby failing to provide a basis for the court to grant relief, and further that the claims were barred by the statute of limitations.

Heinemann appeals.

ANALYSIS

On appeal, Heinemann first argues the court disregarded his arguments and only considered the arguments of the defense when deciding whether to dismiss his claims. Second, he asserts his goal is to hold respondents accountable for their actions that resulted in him being denied from purchasing a firearm and being unlawfully detained. Third, he contends he filed the complaint seeking various forms of relief, including the

trial court's recognition that the denial of his firearm rights was unjust.

Like the trial court, we find that Heinemann's assignments of error and arguments, as set forth in his appellant's brief, are vague. Heinemann also does not cite to a single case to support any of his arguments. RAP 10.3(6) provides that the argument section of an appeal brief should include "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." This court routinely declines to review issues unsupported by citation to legal authority. *See Bercier v. Kiga*, 127 Wn. App. 809, 824, 103 P.3d 232 (2004); *Satomi Owners Ass'n v. Satomi LLC*, 167 Wn.2d 781, 808, 225 P.3d 213 (2009). As this is the case here, we decline to review the issues Heinemann raises on appeal.

We affirm the trial court's order dismissing Heinemann's claims against respondents.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Hill, J.

WE CONCUR:

_____
Staab, C.J.

_____
Lawrence-Berrey, J.